FILED
SEP 1 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Wilbert Moises Lopez
ID NO. 04110-112
P.O. Box 7001
Taft, CA 93268
A1C

Petitioner Pro Per

CASE NUMBER   1:05CV01840
JUDGE: Reggie B. Walton
DECK TYPE: Habeas Corpus/2255
DATE STAMP: 09/16/2005

UNITED STATES DI[STRICT COURT]
DISTRICT OF [ ]

WILBERT MOISES LOPEZ,

    Petitioner,

vs.

HARRELL WATTS,
BUREAU OF PRISONS,

    Respondent.

PETITION FOR HABEAS CORPUS

28 USC § 2241

## INTRODUCTION

This Habeas Petition presents the question whether the Bureau of Prisons can ignore the rules and regulations governing the operation of its prisons, and place the burden on the prisoner to show that its violation of regulations has caused prejudice before any remedy is considered.

Specifically, Petitioner was given punishment in the form of losing "good time" as a result of him getting involved in a fight. However, there was a delay of more than 48 hours between the time that staff became aware of the incident, and when a report of the incident was delivered to Petitioner, which is in violation of regulations because the report must be given to the inmate within 24 hours. Prison staff admits there was a violation of this rule

yet maintains that the violation need not be noticed when Petitioner cannot show prejudice in the form of being unable to defend himself against the charges. The B.O.P. appeals supports this position by declaring that Petitioner must show and adverse impact on his ability to be advised of and defendant himself against the charges before remedial steps can be taken.

Petitioner maintains that prejudice must be assumed when a procedural due process violation occurs because every person has an "absolute" right to expect the government to obey its own rules. No other prejudice need be shown in light of the Supreme Court's decision made in Carey v. Piphus, 435 U.S. 247 (1978). This holding explained that each person has an "absolute right" to have the government obey its rules, and that any violation of such rules can be the cause for a lawsuit without the need to show any other harm. It is this holding that forms the basis of the instant habeas Petition, and moves the Court to hold the B.O.P. accountable for any violation of regulations or rules without the prisoner having to show additional prejudice, and that the proper remedy is to vacate the taking of "good time".

## JURISDICTION

1. The Court has jurisdiction to entertain the habeas Petition pursuant to 28 USC § 2241 in light of the fact that Petitioner has lost "good time" as a result of actions taken by the prison of incarceration, and the affirmance of the taking by B.O.P. headquarters.

2. Venue is proper in the District of Columbia based on the fact that the final decision made in this case were committed by

Mr. Harris Watts, the Administrator of the central and national headquarters of inmate appeals, located in Washington, District of Columbia.

## PARTIES

3. PETITIONER, Wilbert Moises Lopez, prison identity number 04110-112, who is currently a prisoner at Taft Correctional Institute ("TCI"), as a result of a conviction of possessing and distributing controlled substances, in violation of 21 USC § 841. Petitioner's mailing address is P.O. Box 7001, Taft, California 93268.

4. RESPONDENT, Harrell Watts, Administrator of National Inmate Appeals, Central Office of the Bureau of Prisons. The Respondent mailing address is Administrative Remedies Division, 320 First Street, N.W., Washington D.C. 20534.

## FACTS

5. On February 22, 2005, Petitioner became involved in a fight with another inmate, which staff noticed the same date at 1645 hours. An Incident Report was made by Sgt. Swearinger (No. 1315712), and the Report was given to Petitioner on February 24, 2005, at 2325 hours.

6. The Incident Report and the investigation was reviewed by the Detention Hearing Officer ("DHO") on February 10, 2005, after delays caused by staff problems. The DHO determined that Petitioner was guilty of a Code 201 infraction, fighting with another inmate, and imposed punishment of 30 days disciplinary segregation, and disallowance of 27 days "good time".

7. An appeal was taken on May 5, 2005, to the Privatization

Management Branch, B.O.P., 400 First Street, Washington D.C. 20534, arguing that since the delivery of the Incident Report to Petitioner was outside the 24 hour limitation imposed by regulation 28 C.F.R. § 541.15(a), which states that "Staff shall give each inmate charged with violating a Bureau Rule a written copy of the charge(s) against the inmate, ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident", this violation required the expungment of the Incident Report, and the awarding of the 27 days of "good time" that was taken. Petitioner cited Carey v. Piphus, 435 U.S. 247 (1978) as his authority for expunging the Incident Report.

8. The appeal was denied based on the contention that although the Incident Report had been delivered too late, Petitioner could not show prejudice as a result of the tardy delivery, and therefore the sanctions will remain.

9. A final appeal was taken on June 15, 2005, to the Central Office, B.O.P., Remedy No. 376200-A1, arguing the same point, and the appeal was denied on August 16, 2005, by Harrell Watts, the Administrator of National Appeals. See attached exhibit "B". Mr. Watts argued that although the time limitations had been violated Petitioner could show no "adverse impact" from the delay, and that there was no requirement that such delays would cause the incident report to be expunged. See attached copy.

10. The denial of the final appeal constitutes the exhaustion of all administrative remedies, and opened the way for Petitioner to file the instant habeas Petition.

-4-

## ARGUMENT

There is no dispute about the fact that the time limitations imposed by 28 C.F.R. § 541.11, et seq., have been violated by prison staff. This regulation (and C.F.R.'s have the force of law) clearly state that staff **"shall"** give notice of the inmate's violation to the inmate by means of an incident report within 24 hours of becoming aware of the incident. See § 541.15(a). Thus the only dispute in this habeas Petition is whether a violation of regulations by staff in the administrative proceedings should result in the expunging of the inmate's violation, or must Petitioner demonstrate additional prejudice in the form of an inability to defend himself as a result of the delay.

Petitioner maintains that a violation of regulations by staff is all the prejudice that need be shown. Prejudice is assumed under these circumstances because those who govern the lives of Petitioner must be held, and are held accountable by the Constitution. The only fair remedy is to vacate the punishment that has been imposed as a result of illegal operations of staff.

The Supreme Court supports the position of Petitioner in Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042 (1978). This is a case holding that every person has an "absolute" and constitutional right to demand that government officials obey their own rules. No further prejudice need be shown.

Piphus involves a situation where students of a secondary school were suspended from school for allegedly smoking cigarettes. The punishment of suspension was imposed without procedural due process in that the principle summarily handed out

-5-

the suspension without following the procedures for disciplinary action outlined by the Board of Education's general rules governing suspensions.

Piphus filed an 42 USC § 1983 suit against the principle, charging a violation of the Fourteenth Amendment, and sought declaratory and injunctive relief as well as monetary damages. The Supreme Court affirmed the Court of Appeal's grant of injunctive relief, but reversed the court's refusal to grant monetary damages. The Court explained that monetary damages were warranted because the Due Process Clause not only protects against unjust deprivation, but also guarantees the "feeling of just treatment" by the government, 435 U.S. at 260, and that such violations would at least subject the defendant to nominal compensatory damages, and perhaps punitive damages as well. This remedy can be applied even in those cases where the punishment imposed by the government staff may be justified, but is the result of procedural irregularities. Id at 262. That is so because procedural due process is an "absolute" right in that it does not depend upon the merits of a claimant's substantive assertions. Id at 267. Thus the Court granted Piphus the injunctive relief by vacating the suspension, and remanded for a determination whether monetary damages were warranted.

Applying the holding of Carey to the instant situation the violation of regulations by prison staff is actionable without Petitioner having to show any other prejudice. That staff knowingly violated its own rules is enough for the punishment to be vacated. It would be especially ironic if prison staff can

-6-

dismiss their violation as trivial and tell this to a prisoner who is in jail because he has violated the laws and rules of society. This imprisonment, after all, is meant to <u>correct</u> the aberrant behavior of the Petitioner.

## CONCLUSION

The respondent B.O.P. has made it a policy to ignore the rule violations of its staff. This violates procedural due process, and the principle that every person has an "absolute" right to expect the government to obey its own rules. Therefore, the punishment imposed as a result of an incorrect application of procedure must be vacated.

///

I HEREBY CERTIFY, that a true copy of the above was served, by first class mail, postage prepaid, to:

Harrell Watts, Administrator
National Inmate Appeals
Central Office, B.O.P.
320 First St. N.W.
Washington D.C. 20534

and

U.S. Attorney's Office
Attorney for Harrell Watts
Judiciary Center Bldg
555 4th St. N.W.
Washington D.C. 20001

DATED  SEP 15 , 2005, by  W Lopez

Wilbert Lopez

Petitioner Pro Per

-7-

Administrative Remedy No. 376200-A1
Part B - Response

You appeal the March 10, 2005, decision of the Discipline Hearing Officer (DHO) in which you were found to have committed the prohibited act of Fighting With Another Person (code 201). Specifically, you contend you did not receive written notice of the charges in a timely manner. You request expungement of the incident report.

Our review of your disciplinary proceedings indicates substantial compliance with Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>. The DHO's decision was based upon the greater weight of the evidence as detailed in Section V of the DHO report. We find it reasonable for the DHO to have made this determination. Records indicate you appeared before the DHO, were advised of your rights, and made a statement. The DHO gave greater weight of the evidence to the reporting officer's account of the incident. Although you dispute the charge, the evidence is sufficient to support the finding.

Program Statement 5270.07 provides that staff shall give each inmate a written copy of the charges, ordinarily within 24 hours of the time staff become aware of the inmate's involvement in the incident. Although in your case you did not receive such written notice within 24 hours, the reason for the delay was explained to you. There is no evidence the delay had an adverse impact on your ability to be advised of and defend yourself against the charges prior to the hearing. The 24-hour notice requirement does not impact a Due Process element of the inmate discipline process. There is no requirement that the delay must cause the incident report to be expunged.

Based on our review of the disciplinary record, we find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the DHO's decision, and the sanctions imposed were commensurate to the severity level of the offense and in compliance with policy.

Your appeal is denied.

_August 16, 2005_
Date

Harrell Watts, Administrator
National Inmate Appeals

05 1840

FILED

SEP 1 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT