UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILBERT M. LOPEZ, : | |
|     Petitioner : | Civil Action No. 05-1840(RBW) |
| : | |
| v. : | |
| : | |
| HARRELL WATTS, : | |
| BUREAU OF PRISONS, : | |
|     Respondents : | |

### UNITED STATES' MOTION TO TRANSFER PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court to transfer petitioner's pro se petition for a writ of habeas corpus to the United States District Court for the Eastern District of California. In support of this motion, the United States submits the following:

### ARGUMENT

On September 15, 2005, the petitioner filed in the United States District Court for the District of Columbia a petition for a writ of habeas corpus. The petitioner challenges the Federal Bureau of Prisons' forfeiture of "good time" as a result of an administrative disciplinary action. Petitioner acknowledges, however, that, at the time he filed his petition, he was incarcerated at the Taft Correctional Institution in Taft, California. See Petitioner's petition at p. 3. The government has verified with the Federal Bureau of Prisons that the petitioner is incarcerated at the Taft Federal Correctional Institution in Taft, California, which is located within the jurisdiction of the Eastern District of California.

Accordingly, since the petitioner is presently confined in the Taft Correctional Institution

in Taft, California, and is not incarcerated in the District of Columbia, the petitioner's habeas petition cannot be considered by this Court, because this Court lacks personal jurisdiction over the "person having custody of the person detained," as required by 28 U.S.C. § 2243. See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2713 (2004) (the proper respondent in a federal habeas action challenging present physical custody is the warden of the facility where the petitioner is being held); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.) (stating that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction"), cert. denied, 125 S.Ct. 448 (2004); In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir 1988) ("A habeas petition may be adjudicated only in the district in which [petitioner's] immediate custodian, his warden, is located"); Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir 1986) ("A district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner"); Chatman-Bey v. Thornburgh, 864 F.2d 804, 810 (D.C. Cir. 1988) (en banc) ("It is also well settled that the appropriate respondent in a habeas action is the custodian of the prisoner").

Accordingly, this Court should transfer the petitioner's petition to the United States District Court for the Eastern District of California, after giving the petitioner notice of the proposed action and an opportunity to be heard on the issue. See Chatman-Bey v. Thornburgh, supra, 864 F.2d at 814 (prior to transfer, the court should provide a habeas petitioner "with notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").

## CONCLUSION

Wherefore, for the above stated reasons, the petitioner's petition should be transferred to

the United States District Court for the Eastern District of California, after giving the petitioner notice of the proposed transfer and an opportunity to respond.

A proposed order is attached.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the instant motion has been electronically filed with the Court and served by mail, upon the petitioner, Wilbert M. Lopez, Fed. Reg. No. 04110-112, CI Taft, Correctional Institution, P.O. Box 7001, Taft, CA 93268, this 6th day of October, 2005.

_____
Sherri L. Berthrong
Assistant United States Attorney